NEIL ACKERMAN, ESQ.
Nevada State Bar No. 9950
NEIL ACKERMAN, ESQ., LLC.
2688 S. Rainbow Blvd., Suite D
Las Vegas, Nevada 89146
Telephone: (702) 476-3045
Facsimile: (702) 974-1557
neil@ackermanattorney.com
Attorney for LSI Title Agency

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA RENO

| | |
|---|---|
| HAROLD DEAN LOGAN<br><br>　　　　　Plaintiff(s),<br><br>v.<br><br>WORLD SAVINGS BANK, FSB; GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO., a California Corporation; FIRST AMERICAN TITLE aka FIRST MERICAN TITLE INSURANCE COMPANY; TICOR TITLE – RENO aka TICOR TITLE OF NEVADA, INC.; NATIONAL DEFAULT SERVICING CORPORATION; LSI TITLE AGENCY, INC.; WACHOVIA MORTGAGE, FSB; STANLEY S. SILVA, individually; and DOES 1-25 CORPORATIONS; DOES and ROES 1-25 Individuals, [Partnerships, or anyone claiming any interest to the property described in the action.<br><br>　　　　　Defendant(s). | Case No.: 3:11-CV-00063-RCJ-RAM<br><br>**ORDER** |

## ORDER OF THE COURT

THIS MATTER having come on regularly for hearing on April 25, 2011 on Motion of LSI Title Agency, Inc. to Dismiss Plaintiff's Complaint for Failure to State a Claim (ECF No. 10), there being good cause therefore, the Court finds as follows:

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Harold Dean Logan, purchased a property commonly known as 1928 Kirby Court, Sparks, NV 89434. This property was security for a loan in the principal amount of one hundred eighty two thousand dollars ($182,000). A Deed of Trust evidencing this was recorded with the Washoe County Recorder's Office on July 3, 2007. The Deed of Trust provided for, among other things, non-judicial foreclosure of the property in the event of a default by Plaintiff. On or about November of 2009 Plaintiff ceased making his required payments pursuant to the Deed of Trust and the Promissory Note that it secured. The Deed of Trust names World Savings Bank, FSB as Lender and Beneficiary, and names Golden West Savings Association Service Co. as Trustee.

Subsequently the Note and Deed of Trust were acquired by Wells Fargo Bank as successor in interest to World Savings Bank, FSB by merger.

On February 18, 2010, Ticor Title – Reno caused to be recorded a Notice of Default and Election to Sell with regards to the Property, recorded with the Washoe County Recorder's Office as document no. 3850857. This document was recorded by Ticor Title, on behalf of LPS Title Company – NV, for National Default Servicing Corporation.

On June 11, 2010, LPS Title Company – NV caused to be recorded a Substitution of Trustee, executed by the present beneficiary Wells Fargo Bank N.A., with the Washoe County Recorder's Office as document no. 3891161, naming National Default Servicing Corporation as the substituted trustee. Also on June 11, 2010, LSI Title Agency, Inc. caused to be recorded on behalf of National Default Servicing Corporation a Notice of Trustee's Sale with the Washoe County Recorder's Office as document no. 3891162.

At the time of hearing it was unclear whether the Trustee's Sale had occurred. At the

time the hearing, it was admitted by counsel for the Plaintiff that Plaintiff had made no payments towards the Note and Deed of Trust for approximately 18 months, and that the property was a rental and not the residence of the Plaintiff.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficient. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)).

"Generally, a district court may not consider any material beyond the pleadings in ruling

on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9thy cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, many be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs, Inc.*, 798 f.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th cir. 2001).

**ANALYSIS**

Based on the Motion to Dismiss of LSI Title Agency, and for the reasons stated therein, Plaintiff's First, Second, Third, Fourth, Sixth, Seventh, Eighth and Ninth causes of action are dismissed with prejudice without further discussion. Plaintiff's Fifth cause of action, an allegation of a statutory defect in foreclosure, will be discussed further.

Plaintiff's allege a statutory defect in foreclosure under NRS § 107.080. This statute is in fact the source of the most common statutory defects in foreclosure in this state. To wit, the recording of a Notice of Default ("NOD") by an entity that has not yet been named as trustee, and without any evidence of agency on behalf of the trustee or beneficiary of the underlying debt at the time of recordation. *See* NRS § 107.080(2)(c).

In this case, the trustee was Golden West Savings Association. The NOD was recorded by Ticor Title – Reno, on behalf of LPS Title Company – NV, on behalf of National Default

Servicing Corporation. Without any evidence that Ticor, LPS, or NDSC was the trustee, beneficiary, or agent of one of those entities, there appears to be a potential statutory defect in foreclosure. Although such a defect alone will not support a claim for damages under a wrongful foreclosure theory in the face of an actual default, *see Collins v. Union Fed. Sav. & Loan* Ass'n, 662 P.2d 610, 623 (Nev. 1983), it will support an injunction until the defect is disproved or remedied.

However, a Substitution of Trustee was filed in this matter substituting NDSC for Golden West Savings Association. Although this Substitution of Trustee was filed after the recordation of the NOD, it does represent a clear an unambiguous representation that either NDSC was acting on behalf of a proper entity, either the trustee or beneficiary, or a subsequent ratification of the actions taken by NDSC by the beneficiary, who executed the Substitution of Trustee, with regards to the recording of the NOD. In either event, the subsequent recordation of a Substitution of Trustee naming NDSC as the new trustee corrects the defect in its recording, rendering the claim under NRS 107.080 moot.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF 10) of LSI Title Agency is GRANTED. All claims are dismissed as against that defendant.

IT IS SO ORDERED

Dated this 27th day of April, 2011.

_____
ROBERT C. JONES
United States District Judge