1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                            **DISTRICT OF NEVADA**
6
7  HAROLD DEAN LOGAN,                    )
                                         )
8             Plaintiff,                 )
                                         )          3:11-cv-00063-RCJ-RAM
9      vs.                               )
                                         )
10 WORLD SAVINGS BANK FSB et al.,        )          **ORDER**
                                         )
11            Defendants.                )
                                         )

12       This case arises out of the foreclosure of Plaintiff's mortgage. At oral argument on April
13 25, 2011, the Court indicated it would grant two Motions to Dismiss the First Amended
14 Complaint (ECF Nos. 8, 11) and deny as moot the Motion to Withdraw Motion to Dismiss
15 Complaint (ECF No. 10), inviting proposed orders from Defendants. Defendant World Savings
16 Bank FSB ("WSB") submitted a proposed order, which the Court signed, granting both Motions
17 to Dismiss the First Amended Complaint (ECF Nos. 8, 11). (*See* Order, May 5, 2011, ECF No.
18 24). However, Defendant LSI Title Agency, Inc. ("LSI") also submitted a proposed order, which
19 the Court signed, granting its Motion to Dismiss the First Amended Complaint (ECF No. 11).
20 (*See* Order, Apr. 28, 2011, ECF No. 23). LSI's proposed order, and hence the order itself,
21 mistakenly identified LSI's Motion to Dismiss the First Amended Complaint as ECF No. 10, but
22 ECF No. 10 was in fact LSI's previous motion to withdraw its motion to dismiss the superseded
23 version of the Complaint.
24        Despite the typographical error with respect to the ECF number in LSI's proposed order
25 and the Court's order, the order is clear that it constitutes a grant of LSI's Motion to Dismiss the

1  First Amended Complaint (ECF No. 11), which the Court granted via WSB's proposed order, in
2  any case.  Whether the Court granted or denied the motion to withdraw (ECF No. 10) has no
3  effect on the procedural posture of the case.  Nevertheless, Plaintiff has filed a motion pursuant
4  to Rule 60(b)(1), arguing that the typographical error referring to ECF No 10 vice ECF No. 11 in
5  the first order granting LSI's Motion to Dismiss the First Amended Complaint constitutes a
6  "mistake" requiring vacation of the order.  The argument is frivolous insofar as it is
7  comprehensible.  The Court clearly indicated at oral argument that it intended to dismiss the First
8  Amended Complaint and deny the motion to withdraw as moot, and it solicited proposed orders
9  from Defendants to accomplish this.  The typographical error in LSI's order identifying the
10 wrong ECF number has not resulted in any substantive prejudice to Plaintiff.  The First
11 Amended Complaint has been dismissed, as indicated at oral argument.  The only difference is
12 that the motion to withdraw has been inadvertently granted rather than being denied as moot.
13 The substantive result is the same, i.e., the motion to dismiss an obsolete version of the
14 Complaint has been settled (in Plaintiff's favor), and the issue is so minor in light of the Court's
15 caseload that it is not even worth the Clerk's time to sort out the issue for the sake of manicuring
16 the docket.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 31) is DENIED.

IT IS SO ORDERED.

Dated this 26th day of September, 2011.

_____
ROBERT C. JONES
United States District Judge